UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**DONALD JAMES NOVAK**,

Debtor.

Case No. **11-61302-13**

# MEMORANDUM of DECISION

At Butte in said District this 11th day of October, 2011.

In the above-captioned Chapter 13 case, after due notice, a hearing was held October 4, 2011, in Butte on the Motion to Modify Stay filed by Alexander D. Coutts ("Coutts") on August 9, 2011, at docket entry no. 20, wherein Coutts seeks relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2). The Chapter 13 Trustee filed a consent to Coutts' Motion on August 11, 2011; Debtor Donald James Novak filed an objection to Coutts' Motion on August 22, 2011, and noticed the matter for hearing. Coutts was represented at the hearing by attorney Scott H. Clement ("Clement") of Helena, Montana. Debtor was represented by Jon R. Binney ("Binney") of Missoula, Montana. Debtor and Jenni Bergum Swartz testified and Exhibits 1 and 2 were admitted into evidence without objection. At the conclusion of the parties' cases-in-chief the Court took Coutts's Motion under advisement. After review of the Motion, the record, and applicable law, this matter is ready for decision. For the reasons set forth below, a separate Order will be entered granting Coutts' Motion to Modify Stay.

1

This Court has jurisdiction of this Chapter 11 case under 28 U.S.C. § 1334(a). Coutts' Motion to Modify Stay is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Coutts seeks relief from the stay under § 362(d)(1) for "cause" and under § 362(d)(2) alleging the Debtor lacks an equity in Coutts' Collateral[1], and that the Collateral is not necessary to Debtor's effective reorganization. This Memorandum of Decision includes the Court's findings of fact and conclusions of law.

## FACTS & PROCEDURAL HISTORY

The facts are straight forward. Debtor lists Coutts' collateral as an asset of the bankruptcy estate on Schedule A, but Debtor does not claim an exemption in the property. Coutts holds a first position lien interest in the Collateral in the amount of $225,000. Coutts also holds a second position lien interest in the Collateral as a result of a Promissory Note and Trust Indenture executed by Debtor as President of Novak Dairy, Inc., Grantor, to First Montana Title, as Trustee, and First Security Bank of Helena as Beneficiary, dated May 15, 2008. Said Trust Indenture was recorded on May 16, 2008 in M Book 38 of Records, page 3628 records of Lewis and Clark County, Montana. First Security Bank of Helena assigned its interest in said Trust Indenture and Note to Coutts. Novak Dairy, Inc. consented thereto by instrument dated August 17, 2009 and recorded September 2, 2009 in M Book 40 of Records, page 8092 records of Lewis and Clark County, Montana.

Debtor missed a balloon payment on the Trust Indenture and Note of $84,677.09 plus

---

[1] Coutts' collateral is located at 3340 E. Lincoln Road, Helena, Montana, and is described in Coutts' Motion as "Tract A2 of the Parmer II Minor Subdivision, being located in the N1/2SW1/4 of Section 18, Township 11 North, Range 2 West, M.P.M., Lewis and Clark County Montana, as shown on the plat filed under Doc. No. 3034056."

accrued interest which was due September 17, 2010. The amount needed to cure the default, not including trustee's fees, attorneys' fees, title report expense, and related fees associated with a non-judicial foreclosure proceedings, is $106,390.48. The current payoff is $108,407.49.

Debtor does not dispute the amounts owed Coutts. Rather, Debtor testified that the property is unique and he has employed a realtor who has the property listed for sale at a price of $495,000. Debtor testified that he has had some inquires about the property, but no offers. Debtor has offered to make adequate protection payments to Coutts in the amount of $500.00 per month.

Coutts counters that the property is worth substantially less than the $495,000 claimed by Debtor. Coutts retained Jenni Bergum Swartz ("Swartz") to perform a market analysis of the property. Swartz is a realtor but not a certified appraiser. To complete her market analysis, Swartz looked at properties sold and other active listings. Swartz testified that during the past year, other comparable properties sold at a price of approximately $5,000 per acre. According to active listings, sellers are seeking a price of roughly $7,500 per acre for similar type properties. Swartz testified that Debtor's property is roughly 32 acres of which 6 have irrigation rights. Swartz assigned a value of $11,000 per acre to the 6 acres with irrigation rights. Using the foregoing values, Swartz suggested an asking price between $289,000 and $300,000 for Debtor's property. Based upon such value, Coutts contends his second position lien interest is not adequately protected.

## DISCUSSION

Coutts's Motion to Modify stay is based upon § 362(d)(1) and (d)(2). Section 362(d)(1) allows for the granting of relief from the automatic stay "for cause, including the lack of adequate

protection of an interest in property of such party in interest[.]" This Court explained the standard for modifying the stay for "cause" under § 362(d)(1) in *In re Westco Energy, Inc.*, 18 Mont. B.R. 199, 211-12 (Bankr. D. Mont. 2000):

> Section 362(d), however, provides that, "[on request of a party in interest and after notice and a hearing, the court shall grant relief from the [automatic] stay" in three instances. The subsection relevant to these proceedings is § 362(d)(1), which allows for the granting of relief from the automatic stay "for cause".[2] What constitutes cause for purposes of § 362(d) "has no clear definition and is determined on a case-by-case basis." *Tucson Estates*, 912 F.2d at 1166. *See also Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In the Matter of Little Creek Dev. Co.)*, 779 F.2d 1068, 1072 (5th Cir. 1986) (Relief from the automatic stay may "be granted 'for cause,' a term not defined in the statute so as to afford flexibility to the bankruptcy courts.").

Section 362 vests this Court with wide latitude in granting appropriate relief from the automatic stay, and a decision to lift the automatic stay is within a bankruptcy court's discretion, and subject to review for an abuse of discretion. *In re Delaney-Morin*, 304 B.R. 365, 369-70 (9th Cir. BAP 2003); *In re Leisure Corp.*, 234 B.R. 916, 920 (9th Cir. BAP 1999); *In re Plummer*, 20 Mont. B.R. 468, 477-78 (Bankr. D. Mont. 2003); *Mataya v. Kissinger (In re Kissinger)*, 72 F.3d 107, 108-109 (9th Cir. 1995).

Section 362(d)(2) provides for the granting of relief from the stay if "(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." The burden of proof under subsection (d) on the issue of the debtor's equity in

---

[2] Section 362(d)(1) provides:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section , such as by terminating, annulling, modifying, or conditioning such stay–

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

property is on the moving party, Coutts, and the party opposing such relief has the burden of proof under all other issues. 11 U.S.C. § 362(g). Therefore Coutts has the burden of proof on the issue of the Debtors' equity.

The outcome of Coutts' Motion is determined by the competing opinions of Swartz and Debtor. For purposes of valuation, an owner is competent to give his or her opinion on the value of his or her property, most often simply by stating the conclusion without stating a reason. *See* Hon. Barry Russell, BANKRUPTCY EVIDENCE MANUAL, 2010 ed. § 701:2; *South Central Livestock Dealers, Inc. v. Security State Bank of Hedley, Tex.*, 614 F.2d 1056, 1061 (5th Cir. 1980). While a debtor's estimate of value may be acceptable in certain cases, the Court may give little weight to an opinion if not based upon sufficient facts. *In re Plummer*, 20 Mont. B.R. 468, 478 (Bankr. D. Mont. 2003); *In re Hungerford*, 19 Mont. B.R. 103, 118-19 (Bankr. D. Mont. 2001). Debtor provided little detail during his testimony about the facts upon which he based his value opinion.

Swartz, in contrast, considered both sold properties and current listings and also considered the unique aspects of Debtor's property. Swartz testified that Debtor's property should sell for between $289,000 and $300,000. Giving Debtor the benefit of the doubt, the Court concludes that Debtor's property is worth at most $300,000. Coutts is owed in excess of $330,0000. Thus, Debtor does not have any equity in the Collateral. Debtor does not argue that the Collateral is necessary for his effective reorganization.

In an effort to defeat the Motion, Debtor offers $500.00 per month in adequate protection payments. This Court discussed the concept of adequate protection in *In re WRB West Associates Joint Venture*, 106 B.R. 215, 219-20 (Bankr. D. Mont. 1989):

> In a classic sense, adequate protection payments should be applied to compensate a secured creditor for any diminution in the value of collateral as a result of use, depreciation, destruction or other caused reduction in value. 11 U.S.C. § 361; 11 U.S.C. § 363(e); *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd., (In re Timbers of Inwood Forest Assocs., Ltd.)*, 793 F.2d 1380, 1412 n. 57 (5th Cir.1986) (collecting supporting cases), *aff'd, United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, [484] U.S. [365], 108 S.Ct. 626, 98 L.Ed.2d 740 (1988); *General Elec. Mortgage Corp. v. South Village, Inc. (In re South Village, Inc.)*, 25 B.R. 987, 994 (Bkrtcy.D.Utah 1982) ('adequate protection was protection ... against depreciation of the collateral when it erodes the allowed secured claim.')."

[*Matter of Kain*,86 B.R. 506, 511, 513 (Bankr. W.D. Mich. 1988)]

On the issue of adequate protection required by § 363(d) and (e), *In re O'Connor*, 808 F.2d 1393, 1396 (10th Cir.1987) holds:

> "[2, 3] In recognition of the powers created in bankruptcy law to adjust debts and creditors' interest, Congress realized the need to protect creditors from unfair treatment. Hence, it codified the concept of adequate protection into the several aggressive remedies available to debtors and bankruptcy trustees. *See 2 Collier on Bankruptcy* ¶ 361.01[1] (15th ed. 1979). The whole purpose in providing adequate protection for a creditor is to insure that the creditor receives the value for which the creditor bargained prebankruptcy. House Rep. No. 95-595, 95 Cong., 2d Sess. 53, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6295. In determining these values, the courts have considered 'adequate protection' a concept which is to be decided flexibly on the proverbial 'case-by-case' basis. *In re Martin*, 761 F.2d 472 (8th Cir.1985); *In re Monroe Park*, 17 B.R. 934 (D.C.Del.1982). Since 'value' is the linchpin of adequate protection, and since value is a function of many factual variables, it logically follows that adequate protection is a question of fact. *In re Martin*, 761 F.2d at 472; *In re George Ruggiere Chrysler-Plymouth, Inc.*, 727 F.2d 1017 (11th Cir.1984); *In re Bank Hapoalim B.M., Chicago Branch v. E.L.I.*, Ltd., 42 B.R. 376 (D.C.N.D.Ill.1984); *Brookfield Production Credit Association v. Borron*, 36 B.R. 445 (D.C.E.D.Mo.1983), *aff'd*, 738 F.2d 951 (8th Cir.1984)."

*In re Mellor*, 734 F.2d 1396, 1400 (9th Cir.1984) addressed the issue on a basis of "equity cushion" as adequate protection in holding:

"While the term 'adequate protection' is not defined in the code, 11 U.S.C. § 361

6

>sets forth three non-exclusive examples of what may constitute adequate protection: 1) periodic cash payments equivalent to decrease in value, 2) an additional or replacement lien on other property, or 3) other relief that provides the indubitable equivalent. *In re Curtis*, 9 B.R. 110, 111-112 (B.Ct.E.D.Penn.1981).

An equity cushion is the classic form of protection for a secured debt, and its existence, standing alone, can provide adequate protection under the code. *In re Interstate Distributing Co., Inc.*, 13 Mont. B.R. 86, 89-90 (D. Mont. 1993) (*citing In re Mellor*, 734 F.2d 1400).

The Court has already concluded Debtor does not have an equity cushion in the Collateral. Thus, the issue now turns on whether Debtor's offer of $500.00 per month insures that Coutts receives the value for which he bargained prebankruptcy. Interest on the Note at issue accrued pre-maturity at the rate of 7% per annum. At that rate, the interest on the missed balloon payment would be $493.95 per month. However, according to the Note, the post maturity rate of interest is 25%. The Note is fully matured and thus, interest on the $84,677.09 missed balloon payment is $21,169.28 per year, or $1,764.11 per month. Debtor's offer of $500.00 per month does not does not pay Coutts' the rate of interest due under the terms of the Note and certainly does not provide Coutts' with what the parties agreed to pre-bankruptcy. Debtor's offer of adequate protection similarly does not account for Debtor's lack of equity. In sum, Debtor's offer of adequate protection fails.

For the reasons discussed above and exercising its broad discretion, the Court will enter a separate order providing as follows,

IT IS ORDERED that Alexander D. Coutts' Motion to Modify Stay filed August 9, 2011, at docket entry no. 20, is GRANTED; and the stay afforded by § 362(a) of the Bankruptcy Code is modified to permit Alexander D. Coutts to pursue his nonbankruptcy remedies with respect to

the following property of the estate: property located at 3340 E. Lincoln Road, Helena, Montana, and described in Coutts' Motion as Tract A2 of the Parmer II Minor Subdivision, being located in the N1/2SW1/4 of Section 18, Township 11 North, Range 2 West, M.P.M., Lewis and Clark County Montana, as shown on the plat filed under Doc. No. 3034056.

        BY THE COURT

        */s/ Ralph B. Kirscher*

        HON. RALPH B. KIRSCHER
        U.S. Bankruptcy Judge
        United States Bankruptcy Court
        District of Montana